Matthew M. Levy, J.
The plaintiff moves for a temporary injunction which would restrain transfer or negotiation of certain notes. The defendant cross-moves to dismiss the complaint.
The plaintiff had purchased a business from Erwin Cohen, the brother of the defendant, Abraham Cohen. It was provided by the agreement of purchase that the last twenty-seven notes, each for $1,000, given on account of the purchase price, would be payable monthly beginning November 1, 1954, and ending January 1, 1957. It was also provided that after the first twenty of those twenty-seven notes were paid, and at least thirty days before the due date of the twenty-first note, the plaintiff had the option to offer to resell the business to Erwin for $20,000, and upon the acceptance of that offer the seven remaining notes made by the plaintiff would be cancelled; if, however, Erwin declined the offer to repurchase, the plaintiff would retain the business, but, again, the seven remaining notes would be deemed cancelled and Erwin was to surrender them to the plaintiff. It was provided, also, that in case Erwin should, for any reason, be unable to surrender the notes, he would indemnify the plaintiff for any loss which would accrue.
The plaintiff has not yet exercised that option and, indeed, could not do so, because it is some time before all the first *176 twenty of the twenty-seven notes will become due. The complaint does not (it could not presently) allege any such election, but states that the plaintiff intends to exercise the option. His grievance now is that it would be futile to do so since Erwin is financially irresponsible. It is alleged by the plaintiff that some of the earlier notes of the twenty-seven had been in the possession of the defendant, who discounted them, and that the seven notes in concern are now in the defendant’s possession and that it is the defendant’s purpose to discount them. If that should happen, says the plaintiff, the value of his option would be destroyed, and it is urged by the plaintiff that it is in order to maintain by injunction a situation which would enable the plaintiff in time to exercise the option and obtain a surrender or cancellation of the seven notes.
The defendant does not deny the assertions made by the plaintiff with respect to the fact that the defendant has already discounted earlier notes. The defendant admits that he has had the seven notes involved in his possession, but now says that he has returned them to his brother Erwin, and that he, the defendant, has no intention of repossessing them or discounting them. He further admits that he never had any interest in the notes. Despite these statements on the part of the defendant, I would grant the motion for an injunction — the defendant could not be harmed thereby — but for the fact that I have come to the conclusion that basically there is no cause of action pleaded in the complaint upon which the motion may be supported.
In my view, the action is not well conceived — nor do I think that the plaintiff can, in the circumstances, conceive of a better cause of action at the present time. It may be that the plaintiff is in an unfortunate position here, but the contract is that of the parties, and the court cannot — in the guise of invoking its equity jurisdiction — write a more provident or protective contract for them. The agreement did not provide that the notes were to be nontransferable or that Erwin would be required always to retain possession of them as against the time when the plaintiff might be entitled to exercise the option. On the contrary, it appears that the notes were in fact negotiable, and that it was within the contemplation of the parties that Erwin might not be able to surrender the notes in question at the time when the plaintiff exercised the option. Moreover, the time for picking up the option has not yet come, and consequently the plaintiff is not at this time able to allege that the option has been exercised, or that Erwin has or has not accepted it, or that *177 the plaintiff has in all other respects duly performed. In fact it is not until after June 1, 1956, that the plaintiff may invoke this contractual privilege, and it is not (indeed, it cannot be) presently known whether the plaintiff will continue to make the required payments in the meanwhile or that Erwin’s economic status will be the same then as now. Nor can there be any certainty now that — when the time arrives, a year or so hence — the plaintiff will want to exercise the option or that he will duly do so. In the circumstances, the complaint on its face fails to state facts sufficient to constitute a cause of action.
I therefore deny the plaintiff’s motion for an injunction pendente lite and grant the cross motion of the defendant to dismiss the complaint. Orders have been signed accordingly.